UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

ANGELA MYERS

CRIMINAL ACTION

NO. 12-9-JJB

**RULING ON DEFENDANT'S MOTION TO DISMISS INDICTMENT AND MOTION TO STRIKE PREJUDICIAL LANGUAGE FROM THE INDICTMENT**

Before the Court are two motions filed by defendant Angela Myers. The first seeks to dismiss Counts 12-21 of the indictment on grounds of multiplicity and duplicity. (Doc. 87). The second seeks to strike surplusage and prejudicial language from the indictment. (Doc. 88). The government filed a consolidated opposition. (Doc. 90). Oral argument is unnecessary.

I.

The indictment charges Myers with eleven counts of filing false, fictitious, and fraudulent claims against the Internal Revenue Service (IRS), five counts of wire fraud, and five counts of aggravated identity theft. (Doc. 1). Myers alleges the aggravated identity theft counts duplicate the wire fraud charges and therefore violate the rule against multiplicity, which prohibits charging multiple counts of a single violation. Myers also alleges the aggravated identity theft charges duplicate the wire fraud and therefore violate the rule against duplicity, which prohibits charging multiple offenses in one count. The Court treats each in turn.

A.

The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb…." The Double Jeopardy Clause thus prevents double punishment for a single act contrary to legislative intent. However, "where … a legislature specifically authorizes cumulative punishment under two statutes,

1

regardless of whether those two statutes proscribe the 'same' conduct[,] … the trial court or jury may impose cumulative punishment under such statutes in a single trial." *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983). Courts must construe statutory provisions which proscribe the same conduct to not authorize cumulative punishment unless the legislature's intent to do so is clear. *Whalen v. United States*, 445 U.S. 684, 691-92 (1980).

"Multiplicity is the charging of a single offense in several counts." *United States v. Reedy*, 304 F.3d 358, 363 (5th Cir. 2002) (internal citations and quotations omitted). "The chief danger raised by a multiplicitous indictment is the possibility that the defendant will receive more than one sentence for a single offense." *Id.* Thus, under *Whalen* and *Hunter*, in the absence of clear legislative intent to use multiple statutory provisions to provide cumulative punishment for the same act, the rule of statutory construction from *Blockburger v. United States*, 284 U.S. 299 (1932) must be applied.

The aggravated identity theft statute provides as follows:

> Whoever, *during and in relation to any felony violation enumerated in subsection (c)*, knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, *in addition to the punishment provided for such felony*, be sentenced to a term of imprisonment of 2 years.

18 U.S.C. § 1028A(a)(1). Subsection (c) of the statute further provides:

> For purposes of this section, the term "felony violation enumerated in subsection(c)" means any offense that is a felony violation of—
> \*\*\*
> (5) any provision contained in chapter 63 (relating to mail, bank, and wire fraud);

18 U.S.C. § 1028A(c).

The Court finds this statute self-evidently incorporates the wire fraud statute as a predicate offense and, when coupled a knowing act involving another's identification, plainly evinces congressional intent to permit cumulative punishment for wire fraud violations in those

instances. The aggravated identity theft charges in Counts 17-21 of the indictment therefore does not impermissibly seek to impose unintended double punishment of the wire fraud charges in Counts 12-16.

B.

"Duplicity occurs when a single count in an indictment contains two or more distinct offenses." *United States v. Miller*, 520 F.3d 504, 512 (5th Cir. 2008). However, when a distinct offense—here, aggravated identity theft—expressly incorporates an enumerated predicate felony—here, wire fraud—as an express element of the crime, the charge cannot be duplicitous as a matter of law. The indictment itself charges that Myers' alleged acts of aggravated identity theft each violate 18 U.S.C. § 2, 18 U.S.C. § 1028A(a)(1), and 18 U.S.C. § 1028A(c)(5). (Doc. 1 at 5, ¶ 15). As described above, § 1028A(c)(5) simply lists wire fraud as a predicate enumerated felony described in subsection(a)(1), while § 1028A(a)(1) describes the prohibited act of aggravated identity theft and lists as an element enumerated felonies described in subsection (c)(1). Those two subsections thus cross-reference and incorporate each other. Section 2 of Title 18 simply describes how aiding and abetting the commission of a crime allows such person to be punished as a principal. 18 U.S.C. § 2. None of these three discrete subsections impermissibly duplicate each other, nor does the government charge anything further. The aggravated identity theft charges in Counts 17-21 therefore are not duplicitous of other offenses charged.

II.

Myers also moves to strike allegedly prejudicial surplusage from the indictment. Specifically, Myers contends the government's allegations that she owned Angela's Tax Service prejudices her and is irrelevant to the charges set forth. Rule 7(d) of the Federal Rules of Criminal Procedure authorizes courts to "strike surplusage from the indictment" upon the

3

defendants motion. Fed. Rule Crim. P. 7(d). However, Rule 7(c) requires the indictment to contain a "definite written statement of the essential facts constituting the offense charged…." Fed. Rule Crim. P. 7(c).

The indictment states that "[f]rom in or about 2007 until the date of this Indictment, ANGELA MYERS was an owner of and operated an income tax preparation business known as Angela's Tax Service ("ATS")." (Doc. 1 at 1, ¶ 2). Whether or not Myers *owned* all or part of ATS, as opposed to whether or not she *operated* or *worked at* ATS, may not be material to an element of one of the crimes charged, but that fact is nonetheless probative of other allegations in the indictment. For instance, the government alleges that Myers committed wire fraud by using other people's identifying information to prepare and file false tax returns in their names and direct the tax refunds therefrom to checks issued by ATS. Myers' ownership of ATS would make it more likely that such checks would have been issued by her or with her approval or knowledge. Thus, her alleged ownership of ATS is relevant. Moreover, the Court cannot say it is non-essential to the offenses charged.

Other than pure argument, Myers gives this Court no reason to strike the language. This quoted language does not make the indictment needlessly verbose, nor would it potentially inflame the jury, confuse the issues, or blur the elements necessary for conviction. *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971). If proven, the fact is clearly relevant and in no way serves to prejudice Myers. If not proven, Myers is free to point this out to the jury. The Court's instructions will make perfectly clear to the jury that the indictment is merely an allegation, not proof. Therefore the Court finds no reason to strike the language.

III.

Accordingly, it is ORDERED that defendant Angela Myers's motions to dismiss (Doc. 87) and to strike (Doc. 88) are hereby DENIED.

Signed in Baton Rouge, Louisiana, on June 4, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**