UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

ANGELA MYERS

CRIMINAL ACTION

NO. 12-9-JJB

**RULING AND ORDER**

This matter is before the Court on five motions by the Defendant, Angela Myers: a Motion to Request a *James* Hearing or, in the alternative, Motion to Require the Government's Submission of a Written *Santiago* Proffer (Doc. 53), a Motion for Government's Disclosure of Witness List (Doc. 56), a Motion for Government's Agents to Produce their Rough Notes (Doc. 59), a Motion to Limit the Government's Summary Witnesses' Testimony and Summary Evidence (Doc. 60), and a Motion in Limine to Limit the Statements/Admissions/Confessions of Others which Implicate the Defendant Directly or Indirectly (Doc. 65).[1]  The Government filed a consolidated opposition (Doc. 80).  Oral argument is unnecessary.

I.  Indictment

Myers is charged in an indictment (Doc. 1) with 11 counts of filing false federal income tax returns in the names of other people (Counts 1–11), five counts of wire fraud (Counts 12–16), and five counts of aggravated identity theft (Counts 17–21).  The wire fraud and identity theft allegations stem from the alleged false income tax returns, all of which allegedly occurred between January 2007 and February 2008, filed under auspices of Angela's Tax Service, a company Myers allegedly owns and/or operates.  The wire fraud counts allege "[i]t was part of

---

[1] The Defendant's Motions are primarily composed of legal authority and speculation which defense counsel fails to tie to the facts of this case.  Defense counsel's arguments are generally so unspecific that it is difficult for the Court to even address them.  By flooding the Court with Motions that are broad, vague, or both, Defense counsel wastes the limited resources of the Court.  Defense counsel is advised that he should refrain from such activity in the future.

1

the scheme and artifice to defraud and obtain money that **ANGELA MYERS** and others known and unknown to the grand jury would and did obtain the means of identification of individuals, including their names, dates of birth, and Social Security numbers." Doc. 1, ¶ 10.

The indictment also charges Myers with filing false income tax returns in her own name for the 2007 and 2008 calendar years, allegedly occurring on or about April 15, 2008, and April 15, 2009, respectively (Counts 22–23).

> II. Motion to Request a *James* Hearing or, in the alternative, Motion to Require the Government's Submission of a Written *Santiago* Proffer

The Defendant files this Motion in an attempt to have the Court determine preliminarily, and prior to the impaneling of the jury or the swearing of the first witness, the admissibility of co-conspirator statements against her so as to insure against the risk of a mistrial, and to not economically prejudice the Defendant.  The Defendant argues "the government has provided the Defendant with certain statements of others, in debriefing sessions, which it alleges will implicate the Defendant in the conspiracies alleged in the indictment. Counsel presumes as well that certain documents will also be sought to be introduced relative and in relation thereto." Doc. 53-1, ¶ VIII.  Alternatively, the Defendant argues the government should be ordered to describe the basis in writing in advance of trial so that the defendant may respond to it in writing, and so that the Court may resolve all issues of admissibility after considering the parties' arguments. The Defendant argues that the admission of the statements and accompanying documents would violate her protections under the Fifth and Sixth Amendments to the United States Constitution, including her Sixth Amendment protections under the Confrontation Clause.

The government responds that it is within the discretion of the Court to decide whether to hold a hearing on this issue, the Fifth Circuit has repeatedly upheld the practice of not holding separate pre-trial hearings on this issue and there is no reason to depart from this practice, and

the Defendant does not reference a single, specific co-conspirator statement which she thinks warrants the special treatment of a hearing.

*United States v. James*, 590 F.2d 575, 581 (5th Cir. 1991), held that statements of co-conspirators statements are admissible under the hearsay exception in Federal Rule of Evidence 801(d)(2)(E), upon "sufficient showing, by independent evidence, of a conspiracy among one or more other defendants and the declarant and if the declarations at issue were in furtherance of that conspiracy." "A *James* hearing, conducted outside the presence of the jury, is one potential method by which the district court may ensure the Government can satisfy the predicate facts needed to prove the conspiracy independent of the statements." *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001). "Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule. There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy.'" *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) (quoting Fed. R. Evid. 801(d)(2)(E)). Whether a *James* hearing is necessary is within the discretion of the district court. *Williams*, 264 F.3d at 576. "An appellant making a *James* argument must specifically identify the particular statement he is challenging." *United States v. Nichols*, 941 F.2d 295, 300 (5th Cir. 1991).

The Defendant does not specifically identify the statement she is challenging. The closest she comes to this is stating "the government has provided the Defendant with certain statements of others, in debriefing sessions, which it alleges will implicate the Defendant in the conspiracies alleged in the indictment. Counsel presumes as well that certain documents will also be sought to be introduced relative and in relation thereto." Doc. 53-1, ¶ VIII. This is not a

specific identification, so the Defendant fails to satisfy its burden and a *James* hearing will not be held as a result of the instant Motion.

The Defendant argues, however, that the Government previously stated the names of the Defendant's alleged co-conspirators would be provided to defense counsel, but this has not occurred. This argument is at least partially in reference to a sentence in the indictment providing that: "[i]t was part of the scheme and artifice to defraud ant to obtain money that Angela Myers and **others known and unknown to the grand jury** would and did obtain the means of identification of individuals, including their names, dates of birth, and Social Security numbers." Doc.1, ¶ 10. In light of the indictment and the Defendant's allegations, to the extent that the government has not provided the names of the Defendant's alleged co-conspirators, it must do so. Furthermore, the government must provide the statements of the Defendant's alleged co-conspirators to the Defendant within three days of this Ruling and Order. In the event that the Defendant wishes a *James* hearing be held or a *Santiago* proffer be made regarding any specific statements of the Defendant's alleged co-conspirators, she may file another motion to that effect.

### III.   Motion for Government's Disclosure of Witness List

The Defendant argues that the Government should disclose its witness list so that she may interview witnesses prior to trial, allowing her to diligently and effectively prepare for trial, and to protect her confrontation rights under the Sixth Amendment. The Defendant also mentions as reasons the potential fear of witnesses, the government's duty under *Brady v. Maryland*, 373 U.S. 83 (1963) to disclose exculpatory or mitigating evidence, and the alleged incompetence of the Defendant, precluding her assisting counsel in identifying potential witnesses. The government argues that it has provided virtually "open file" discovery, including

substantial information on all potential trial witnesses known to the government and supplemental discovery. The government further argues that this Motion is an attempt to learn the government's trial strategy.

"[W]hile a court may require production of a witness list on the defendant's request, the court is curbed only by its own discretion." *United States v. Fischel*, 686 F.2d 1082, 1091 (5th Cir. 1982). Other circuits agree that ordering production of the government's witness list is allowed. *United States v. W.R. Grace*, 526 F.3d 499, 510 (9th Cir. 2008); *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980); *United States v. Jackson*, 508 F.2d 1001, 1006–08 (7th Cir. 1975); *United States v. Cannone*, 528 F.2d 296, 298 (2d Cir. 1975).

Although the Court does not agree with all of the Defendant's reasons, the Court agrees with the Defendant that the government should provide its witness list to the Defendant. This Motion is GRANTED and the government must present its witness list to the Defendant within three days of this Ruling and Order.

The Defendant also requests information on informants. However, this request is inapplicable to this case, as no informants are involved. Doc. 83, at 4.

      IV.    Motion for Government's Agents to Produce their Rough Notes

The Defendant argues that the government should provide the rough notes of all government law enforcement officers who investigated the indictment, since some of this material might be subject to disclosure under the Jencks Act, 18 U.S.C. § 3500, or *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and may be utilized by the Defendant for impeachment purposes. *Brady* held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* The duty to

5

disclose arises "even if no request is made." *United States v. Agurs*, 427 U.S. 97, 107 (1976). "[T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). The duty to disclose impeachment evidence falls within the *Brady* rule. *United States v. Bagley*, 473 U.S. 667, 676 (1985). "Under the Jencks Act, . . . the government must produce any statement in its possession relating to the subject matter of the testimony of a witness who has taken the stand for the government." *United States v. Conroy*, 589 F.2d 1258, 1272 (5th Cir. 1979). "The Jencks Act applies only to a written statement signed or approved by the witness." *United States v. Jimenez*, 509 F.3d 682, 694 (5th Cir. 2007). A government agent's notes which do not fit this description are not discoverable. *Id.*

The Court recognizes the government's duty under *Brady* and the Jencks Act. However, the Court is not directed to any specific notes alleged to be covered by these duties. Instead, the Defendant speculates by making broad statements that the government agents' notes may fall under *Brady* or the Jencks Act. Aside from the duty to furnish Jencks Act and *Brady* material, the Defendant presents no authority providing that the government agents' rough notes ought to be disclosed. Accordingly, to the extent that any of the government agents' rough notes constitute Jencks Act material or *Brady* material that has not been provided to the Defendant, the government must provide such material. To the extent the government agents' rough notes do not constitute Jencks Act material or *Brady* material, the government agents need not provide the notes to the Defendant.

> V.   Motion to Limit the Government's Summary Witnesses' Testimony and Summary Evidence

In a waste of the Court's time and resources, defense counsel filed this Motion "pursuant to the hypothetical possibility of . . . summary witnesses attempting to summarize and organize

6

the case for the jury." Doc. 60-1, at 7.  In support of its argument, defense counsel states that "[t]he government often elicits so-called summary evidence at trial and such evidence frequently denies confrontation and is otherwise inadmissible and improper because the so-called "summary" witness has no personal knowledge whatsoever of the events in dispute and is not an expert witness."  Doc. 60-1, at 2.  The Motion seeks to "disallow summary testimony and evidence or, at the very least, to permit no summary evidence unless it is first shown outside the presence of the jury that the proffered evidence is" legally allowed.  Doc. 60-1, at 7.  This Motion fails to connect the law to this case.  As noted by the government, the Federal Rules of Evidence are sufficient to address the Defendant's concerns.  Should summary witness testimony or summary evidence be presented at trial, defense counsel may object.  This Motion is DENIED.

    VI.    Motion in Limine to Limit the Statements/Admissions/Confessions of Others which Implicate the Defendant Directly or Indirectly

Defense counsel filed this extremely broad and vague Motion, citing the confrontation clause of the Sixth Amendment and a number of Supreme Court cases, but not referring to any specific statements, admissions, or confessions.  *Giles v. California*, 554 U.S. 353 (2008); *Crawford v. Washington*, 541 U.S. 36 (2004); *Bruton v United States*, 391 U.S. 123 (1968).  Defense counsel does not attempt to tie the law to this case.  The government argues the Motion's lack of specificity precludes it from being able to meaningfully respond.  The lack of specificity similarly prevents the Court from being able to meaningfully address the Motion.  Should defense counsel wish to object to any statements, admissions, or confessions at trial, it may do so.  The Motion is DENIED.

7

VII.    Conclusion

Accordingly, the Defendant's Motion to Request a *James* Hearing or, in the alternative, Motion to Require the Government's Submission of a Written *Santiago* Proffer (Doc. 53) is **DENIED**.  The Defendant's Motion for Government's Disclosure of Witness List (Doc. 56) is **GRANTED**.  The Defendant's Motion for Government's Agents to Produce their Rough Notes (Doc. 59) is **GRANTED IN PART** to the extent that any of the government agents' rough notes constitute Jencks Act material or *Brady* material that has not been provided to the Defendant.  To the extent the government agents' rough notes do not constitute Jencks Act material or *Brady* material, the Motion is **DENIED IN PART**.  The Defendant's Motion to Limit the Government's Summary Witnesses' Testimony and Summary Evidence (Doc. 60) is **DENIED**.  The Defendant's Motion in Limine to Limit the Statements/Admissions/Confessions of Others which Implicate the Defendant Directly or Indirectly (Doc. 65) is **DENIED**.

**IT IS HEREBY ORDERED** that within three days of the issuing of this Ruling and Order: to the extent that the government has not provided the names of the Defendant's alleged co-conspirators, it must do so; the government must provide the statements of the Defendant's alleged co-conspirators to the Defendant; the government must present its witness list to the Defendant; and to the extent that any of the government agents' rough notes constitute Jencks Act material or *Brady* material that has not been provided to the Defendant, the government must provide such material to the Defendant.

Signed in Baton Rouge, Louisiana, on February 19, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**